1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
2  tkaufman@sheppardmullin.com
   JENNIFER S. ABRAMOWITZ, Cal. Bar No. 237233
3  jabramowitz@sheppardmullin.com
   PAUL BERKOWITZ, Cal. Bar No. 251077
4  pberkowitz@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6017
   Telephone: 310-228-3700
6  Facsimile: 310-228-3701

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11 MAGGIE PANIAGUA, an individual,        Case No. **CV11  01471 GW SSx**

12                 Plaintiff,             [State Court Case No.:
                                          Case No. MC022219]
13        v.

14 WELLS FARGO BANK, N.A., a             **DEFENDANT WELLS FARGO
   Delaware corporation, and DOES 1      BANK'S NOTICE OF REMOVAL
15 THROUGH 100, inclusive,               OF ACTION PURSUANT TO 28
                                          U.S.C. §§ 1331-1332, 1441, AND 1446**
16                 Defendants.
                                          Complaint Filed: January 4, 2011
17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT
FEB 1 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2    COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO

3    PLAINTIFF'S ATTORNEY OF RECORD:

4        PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A.

5    ("Defendant"), by its undersigned attorneys, pursuant to 28 U.S.C. § 1332 (a),

6    hereby remove to the United States District Court for the Central District of

7    California, the action captioned *Maggie Paniagua v. Wells Fargo Bank, N.A.*, which

8    is currently pending in the Superior Court of the State of California for the County

9    of Los Angeles – North District, as Case No. MC022219 (hereinafter the "State

10   Court Action").

11       This is a civil action over which this Court has original jurisdiction pursuant

12   to 28 U.S.C. § 1332(a) because diversity jurisdiction exists.  This is a civil action

13   between citizens of different states, and the amount in controversy exceeds the sum

14   of $75,000, exclusive of interests and costs.  Because these requirements are met,

15   this entire action is subject to removal to federal court on two independent bases.

16                              **BACKGROUND**

17       1.    Plaintiff Maggie Paniagua ("Plaintiff") filed her initial Complaint

18   against Defendant on January 4, 2011.  A true and correct copy of the Complaint

19   and Summons are attached hereto as Exhibit A and B, respectively.

20       2.    In the Complaint, Plaintiff asserts fourteen causes of action against

21   Defendant stemming from Plaintiff's employment with Defendant.  Plaintiff

22   contends that Defendant discriminated against her based on disability and also that

23   Defendant has not paid her for all wages due.  She accordingly brings claims under

24   California law for (1) disability discrimination – failure to accommodate; (2)

25   disability discrimination – failure to engage in the interactive process; (3) wrongful

26   termination; (4) retaliation; (5) negligence; (6) negligent supervision; (7) negligent

27   infliction of emotional distress; (8) failure to pay commissions; (9) wage and hour –

28   failure to pay over time; (10) wage and hour – failure to provide meal periods;

-1-

1    (11) wage and hour – failure to provide rest periods; (12) wage and hour – unpaid

2    business expenses; (13) wage and hour – failure provide accurate itemized wage

3    statements; and (14) unfair business practices [Cal. Bus. & Prof. Code §§ 17200-

4    17203].

## TIMELINESS OF REMOVAL

6    3.    Defendant was served on January 18, 2011. The Summons is attached

7    as Exhibit B. The Notice of Service of Process is attached as Exhibit C.

8    4.    Defendant answered the Complaint on February 15, 2011. A true and

9    correct copy of the answer is attached hereto as Exhibit D. Defendant is informed

10    and believe that no other pertinent pleadings have been filed in state court.

11    5.    This Notice of Removal is timely as it is filed within thirty (30) days of

12    the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that

13    revealed this case was properly removable. 28 U.S.C. § 1446(b).

## DIVERSE CITIZENSHIP OF THE PARTIES

15    6.    <u>Plaintiff's Citizenship</u>:  Plaintiff alleges, and Defendant is informed and

16    believes, that Plaintiff is, and at all times since the commencement of this action has

17    been, a citizen and resident of the State of California. (Complaint, ¶ 1.) To

18    establish citizenship for diversity purposes, a natural person must be both (a) a

19    citizen of the United States and (b) a domiciliary of one particular state. *Kantor*

20    *v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima

21    facie evidence of domicile. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d

22    514, 520 (10th Cir. 1994). Defendant is informed and believes, and on that basis

23    alleges, that Plaintiff was domiciled in California while she worked in Arcadia and

24    Lancaster, California (Los Angeles County) for Defendant. Therefore, Plaintiff is, or

25    was at the institution of this civil action, a citizen of California.

26    7.    <u>Defendant's Citizenship</u>:  Defendant is a federally chartered national

27    banking association that is organized and exists under the National Banking Act,

28    with its main office (as identified in its articles of association) in South Dakota.

1   Ruedenberg Declaration, ¶ 2. Thus, under 28 U.S.C. § 1332, Defendant is not a

2   citizen of California, and is only a citizen of South Dakota. *See* 28 U.S.C. § 1348

3   ("All national banking associations shall, for the purposes of all other actions by or

4   against them, be deemed citizens of the States in which they are respectively

5   located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("we hold that a

6   national bank, for § 1348 purposes, is a citizen of the State in which its main office,

7   as set forth in its articles of association, is located"); *Wells Fargo Bank, N.A. v.*

8   *WMR e-Pin, LLC, et.al.*, 2008 WL 5429134, *1 (unpub. op.) (D. Minn. 2008)

9   (holding under the Supreme Court's *Wachovia Bank* case that Wells Fargo Bank,

10  N.A., as a national bank, is only a citizen of South Dakota and is not a citizen of

11  California).

12      8.     Doe Defendants:  Pursuant to 28 U.S.C. Section 1441(a), the residence

13  of fictitious and unknown defendants should be disregarded for purposes of

14  establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds*

15  *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

16  required to join in a removal petition). Thus, the existence of Doe defendants one

17  through twenty, inclusive, does not deprive this Court of jurisdiction.

18                          **AMOUNT IN CONTROVERSY**

19      9.     This action is a civil action between citizens of different states and the

20  amount in controversy exceeds $75,000, exclusive of interest and costs, and

21  accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

22      10.    Plaintiff was paid on a commission basis during her employment with

23  Defendant.  Plaintiff was always a full-time employee.  Plaintiff's hourly equivalent

24  of pay for the year 2009 (the first full year that she worked for Defendant) was

25  $28.82 an hour ($58,600 wages earned for the year).[1] Schumacher Declaration ¶ 2.

26

27  _____
    [1]    This assumes Plaintiff worked 40 hours per week for 52 weeks.
28

-3-

11.   Plaintiff contends that she was misclassified as exempt and therefore is owed payment for overtime that she worked between May 2008 to September 24, 2010.  (Complaint ¶¶ 6, 11).  She contends that she regularly worked at least 12 hours per day, meaning that she regularly worked 4 hours of overtime per day. (Complaint ¶ 8).  Assuming that this 4 hour figure is the average daily overtime that will be claimed, Plaintiff's overtime claim could potential recover **$86,460** under the following formula: ($28.82 per hour) x (4 hours per day) x (50 weeks per year) x (5 shifts per week) x (approximately 2 years of misclassification within the statute of limitations) x (1.5 overtime premium).

12.   Plaintiff also seeks separate recovery for Defendant's alleged (1) failure to provide meal periods, and (2) failure to provide rest breaks.  (Complaint ¶¶ 8, 77-89). The money owed for a missed meal period or rest break pursuant to Labor Code section 226.7 is one hour of an aggrieved employee's pay for each violation. Plaintiff's apparent allegation is that she was not provided statutorily-required meal and rest breaks each workday during the time that she was misclassified.  Using her lowest hourly rate of $28.82 an hour and taking into account Plaintiff's allegation that she was not given meal and rest breaks (Complaint ¶ 8), assuming an average five day work week, the total amount in controversy based on these claims alone would be (approximately 2 years of misclassification within the statue of limitations) x (50 weeks per year) x (5 shifts per workweek) x ($28.82 an hour) x (two violations per day)$^2$ = **$28,820.**

13.   Plaintiff also seeks damages for the alleged failure to provide itemized wage statements pursuant to Labor Code § 226(a).  Under Labor Code Section

---

[2]   Defendants reserve the right to argue that there is a maximum payment of one missed break per day.  *Corder v. Houston's Rests., Inc.*, 424 F. Supp. 2d 1205, 1207 (C.D. Cal. 2006) (stating that "the plain wording of [§ 226.7] is clear that an employer is liable per work day, rather than per break not provided").  A ruling in Defendant's favor, however is not "legally certain" and therefore Defendant uses a calculation allowing for payment for one meal break and one rest break violation per day.

1   226(a), potential exposure for penalties associated with this alleged violation

2   amounts to $50 for the first violation, $100 for each subsequent violation, not to

3   exceed an aggregate amount of $4,000 for each aggrieved employee.  Plaintiff

4   claims that she was misclassified as exempt from May 2008 to September 24, 2010.

5   (Complaint ¶¶ 6, 11).  Ostensibly, Plaintiff's theory is that her wage statements

6   during this time were incorrect because they did not include payments for overtime

7   and missed meal and rest breaks.  Because Plaintiff was paid twice a month, this

8   period of time would include 24 allegedly inaccurate wage statements which would

9   yield **$1,200** in penalties.

10       14.   Wrongful termination:  Plaintiffs also seek damages arising from an

11  alleged wrongful constructive discharge in September 2010.  Through the date the

12  complaint was filed, four months of back pay would amount to **$29,530**.  In

13  addition, Plaintiff makes no allegation that she has found other work, let alone work

14  that pays the same salary that she received at Wells Fargo.  In sum, Plaintiff's

15  potential economic damages for her pleaded claims easily exceed $75,000.

16       15.   Emotional Distress.  Furthermore, she claims an unspecified amount of

17  emotional distress damages, and awards for such damages routinely are large

18  enough, standing alone, to satisfy the minimums for federal jurisdiction.

19       16.   Attorneys' Fees:  The Complaint also alleges that she is entitled to

20  recover attorneys' fees. (Prayer, ¶ 8). Requests for attorneys' fees should be taken

21  into account in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*,

22  142 F.3d 1150, 1156 (9th Cir.  1998) (claims for statutory attorneys' fees are to be

23  included in amount in controversy, regardless of whether award is discretionary or

24  mandatory).

25       17.   Punitive Damages:  The Complaint also alleges that Plaintiff is entitled

26  to recover punitive damages.  (Prayer, ¶ 7.)  Punitive damages should be considered

27  when determining the amount in controversy. *Anthony v. Security Pacific Financial*

28  *Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (amount in controversy may include

-5-

1  punitive damages if they are recoverable under state law and it cannot be said to a
2  legal certainty that plaintiff would not be entitled to recover the jurisdictional
3  amount); *see also* California Government § 12965(b) (allowing courts to award
4  attorneys fees to the prevailing party in FEHA discrimination cases); *see also Galt*
5  *G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (if attorneys' fees
6  are recoverable by plaintiff . . . the fee claim is included in determining the amount
7  in controversy regardless of whether the fee award is mandatory).

8      18.    Summing the above numbers together, the amount in controversy easily
9  exceeds the jurisdictional minimum of $75,000.

10                                                   **VENUE**

11      19.    Venue lies in the Central District of California pursuant to 28 U.S.C.
12  Section 1441, 1446(a), and 84(c)(2).  This action originally was brought in the
13  Superior Court of the State of California, County of Los Angeles, and Plaintiff
14  resides in the County of Los Angeles, California.

15                                   **NOTICE OF REMOVAL**

16      20.    This Notice of Removal will be promptly served on Plaintiff and filed
17  with the Clerk of the Superior Court of the State of California in and for the County
18  of Los Angeles.

19      21.    In compliance with 28 U.S.C. Section 1446(a), we have attached a copy
20  of the state-court papers served herein – the original Complaint that was served on
21  Defendant (Exhibit A), the Summons (Exhibit B), the Notice of Service of Process
22  (Exhibit C), and Defendant's Answer (Exhibit D).

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

-6-

1      WHEREFORE, Defendant prays that this civil action be removed from the

2  Superior Court of the State of California for the County of Los Angeles to the

3  United States District Court for the Central District of California

4

5  Dated:  February 17, 2011

6                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                    By

9                              JENNIFER S. ABRAMOWITZ

10                            Attorneys for Defendant

11                        WELLS FARGO BANK, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# Exhibit A

OPHIR J. BITTON    SBN: 204310
CESAR G. LACHICA, JR.    SBN: 266634
BITTON & ASSOCIATES
12080 Ventura Place, Suite D
Studio City, CA 91604
818-524-1223

Attorneys for:
Maggie Paniagua, an individual

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 4 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – NORTH DISTRICT

### [UNLIMITED JURISDICTION]

| | |
|---|---|
| MAGGIE PANIAGUA, an individual, | CASE NO.:   MC022219 |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| vs. | (1)   DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE |
| WELLS FARGO BANK, N.A., a Delaware corporation, and DOES 1 THROUGH 100, inclusive, | (2)   DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| Defendants. | (3)   WRONGFUL TERMINATION; |

(3)   WRONGFUL TERMINATION;
(4)   RETALIATION;
(5)   NEGLIGENCE;
(6)   NEGLIGENT SUPERVISION;
(7)   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;
(8)   FAILURE TO PAY COMMISSIONS;
(9)   WAGE AND HOUR – FAILURE TO PAY OVERTIME;
(10)   WAGE AND HOUR—FAILURE TO PROVIDE MEAL BREAKS;
(11)   WAGE AND HOUR—FAILURE TO PROVIDE REST BREAKS;
(12)   WAGE AND HOUR – UNPAID BUSINESS EXPENSES;
(13)   WAGE AND HOUR – FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS; AND
(14)   UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE §§ 17200-17203]

1   Plaintiff MAGGIE PANIAGUA, an individual ("PANIAGUA") based on knowledge as

2   to herself and on information as to all others, complains and alleges as follows:

3   <u>**PARTIES**</u>

4   1.   PANIAGUA is, and at all times material hereto was, an individual residing in the

5   County of Los Angeles in the State of California.

6   2.   WELLS FARGO BANK, N.A. ("WELLS FARGO") is, and at all times material

7   hereto was, a business entity incorporated in Delaware and headquartered in San Francisco, State

8   of California.

9   3.   WELLS FARGO has at all times material hereto maintained branches and

10  employees in the County of Los Angeles, State of California.

11  4.   The true names and capacities of defendants DOES 1 through 100, inclusive,

12  whether individual, corporate, associate, or otherwise, are unknown to PANIAGUA at this time,

13  who therefore sues said defendants by such fictitious names; when the true names and capacities

14  of such defendants are ascertained, PANIAGUA will seek leave of Court to amend this

15  Complaint to insert same. PANIAGUA is informed and believes and thereon alleges that each

16  defendant named as a DOE is responsible for each and every act and obligation hereinafter set

17  forth.

18  5.   PANIAGUA is informed and believes and thereon alleges that each defendant

19  named in this Complaint was at all times herein mentioned and now is the agent, servant and

20  employee of the other defendants herein, and was at all such times acting within the course and

21  scope of said agency and employment and with the consent and permission of each of the other

22  co-defendants, and each of the defendants herein ratified each of the acts of each of the other co-

23  defendants, and each of them.

24  <u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

25  6.   In or about May, 2008, PANIAGUA began working for Wachovia Bank at its

26

Arcadia, California branch, as a loan consultant/processor. In or about February, 2009, PANIAGUA transferred to WELLS FARGO[1] at its branch located at Lancaster, California as a Home Mortgage Consultant. This occurred as a result of WELLS FARGO's take over of Wachovia.

7.     PANIAGUA's work responsibilities included dealing with WELLS FARGO's clients, preparing and closing loans which included, among other things, collecting and organizing financial and other information from clients, preparing credit reports, meeting/advising clients, meeting realtors, maintaining a mortgage consultant's website, and maintaining an internet mail for clients and realtors.

8.     Throughout her entire period of employment with WELLS FARGO, PANIAGUA was paid only commissions. She typically worked for about 60-80 hours a week. However, she did not receive proper wage statements. Furthermore, PANIAGUA did not get paid properly for her overtime and she did not receive proper lunch breaks nor rest breaks.

9.     PANIAGUA was also required to pay fees for credit reports on loans she would process that eventually got cancelled. She was not reimbursed for these fees. Likewise, she had to pay for her WELLS FARGO website. She was also not paid or reimbursed expenses for having to attend meetings, seminars, and online classes that were required by and redounded to the benefit of WELLS FARGO.

10.     Since working for WELLS FARGO, PANIAGUA felt tremendous amount of stress due to the working hours and demands of work imposed by her employer. This was further exacerbated by insufficient resources and poor management of loan processors by WELLS FARGO. In fact, on or about the second week of August, 2010, PANIAGUA sought medical consultation concerning her anxiety and physical symptoms which included, among other things, blurry vision. Her doctor concluded that she was suffering from excessive work-related stress.

[1] Hereinafter when referring to Paniagua's employment with Wells Fargo, Paniagua's with Wachovia is included therein.

1   PANIAGUA was referred to a psychologist to deal with the stress and the related disability it

2   caused.

3        11.    On or about August 31, 2010, after about 6 months of constant complaints to her

4   branch manager and area manager regarding work conditions which had become unbearable,

5   PANIAGUA had an emotional breakdown. She immediately sought medical assistance for her

6   stress on or about September 1, 2010 and was eventually advised by the doctor to go on work-

7   related stress leave. Despite informing WELLS FARGO of her condition and properly requesting

8   leave, PANIAGUA was terminated from her job effective September 24, 2010. No attempts were

9   made to accommodate her work-related condition, or even to investigate the same.

10        12.    On or about November 4, 2010, PANIAGUA through her counsel of record sent a

11   demand letter in compliance with *Labor Code* § 2699 to WELLS FARGO and a copy to the

12   California Labor and Workforce Development Agency by certified mail. More than 33 days have

13   passed since then and the California Labor and Workforce Development Agency has not

14   responded.

15        13.    On or about    December 7, 2010, PANIAGUA filed a complaint with the

16   Department of Fair Employment and Housing (DFEH) against WELLS FARGO and she was

17   given Right-To-Sue Letter the same day. The Right-To-Sue Letter is attached hereto and

18   incorporated herein by reference as Exhibit "1."

19   **FIRST CAUSE OF ACTION**

20   **(DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE**

21   **– PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)**

22        14.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 13, inclusive,

23   of this Complaint by reference, as though fully set forth herein.

24        15.    PANIAGUA is informed and believes that she has been discriminated upon by

25   WELLS FARGO on account of her mental disability – severe work-related stress.

26

16.   WELLS FARGO was the employer of PANIAGUA.

17.   PANIAGUA was an employee of WELLS FARGO working as a Home Mortgage Consultant.

18.   WELLS FARGO knew of PANIAGUA's disability when the latter promptly and properly requested to seek medical leave to deal with her severe work-related stress as diagnosed by her doctor.

19.   WELLS FARGO failed to provide reasonable accommodation for PANIAGUA's disability despite knowledge of the same. Instead, WELLS FARGO decided to fire PANIAGUA, but only agreed to delay WELLS FARGO's Termination.

20.   PANIAGUA was harmed as a result of WELLS FARGO's failure to provide reasonable accommodation, and in fact terminating her instead of providing her a reasonable accommodation.

21.   WELLS FARGO's failure to provide reasonable accommodation was a substantial factor in causing PANIAGUA's harm including emotional stress, lost wages and benefits, and other damages. Furthermore, WELLS FARGO acted with malice and a conscious disregard for the harm they caused and were continuing to cause PANIAGUA. By reason thereof, PANIAGUA is also entitled to punitive or exemplary damages from WELLS FARGO in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS – PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)

22.   PANIAGUA hereby refers to and incorporates paragraphs 1 through 21, inclusive, of this Complaint by reference, as though fully set forth herein.

23.   WELLS FARGO was the employer of PANIAGUA.

24.   PANIAGUA was an employee of WELLS FARGO working as a Home Mortgage

Consultant.

25.    PANIAGUA had severe work-related stress that was known to WELLS FARGO.

26.    PANIAGUA requested that WELLS FARGO make a reasonable accommodation for her severe work-related stress so that she would be able to perform the essential job requirements of her position.

27.    PANIAGUA was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements. In fact, PANIAGUA immediately apologized for her emotional break down and explained that the unreasonable environment created by WELLS FARGO was the cause.

28.    Nonetheless, WELLS FARGO failed to participate in a timely good-faith interactive process with PANIAGUA to determine whether reasonable accommodation could be made.

29.    PANIAGUA was harmed as a result of WELLS FARGO's failure to engage in an interactive process.

30.    WELLS FARGO's failure to engage in a good-faith interactive process was a substantial factor in causing PANIAGUA's harm including emotional distress, lost wages and benefits, and other damages. WELLS FARGO's failure to engage in the interactive process was willful and in conscious disregard of the harsh environment it created which cause the disability. By reason thereof, PANIAGUA is also entitled to punitive or exemplary damages from WELLS FARGO in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

### (WRONGFUL TERMINATION – PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)

31.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 30, inclusive,

1     of this Complaint by reference, as though fully set forth herein.

2           32.     PANIAGUA is informed and believes that she was terminated by WELLS

3     FARGO as a result of her severe work-related stress disability while working as a home

4     mortgage consultant with WELLS FARGO, and in violation of public policy.

5           33.     It is the public policy of the State of California that employers not subject

6     employees to retaliation or any adverse employment action as a result of an employee's disability

7     or request for an accommodation. See, e.g. Government Code §§ 12940(a) and 12940(n).

8           34.     PANIAGUA was employed by WELLS FARGO.

9           35.     WELLS FARGO terminated PANIAGUA after she reported her work-related

10     disability and asking for medical leave to have the same treated. PANIAGUA complained about

11     the unreasonably stressful environment created by WELLS FARGO. She sought treatment for

12     work related stress. Nonetheless, she eventually had an emotional break down at work. She

13     immediately apologized and explained it was due to a mental disability. She asked for leave as an

14     accommodation for treatment. She was fired.

15           36.     All of these facts were motivating factors for PANIAGUA's termination.

16           37.     As a direct and proximate result of WELLS FARGO's negligent, willful,

17     knowing, and/or intentional actions against her, PANIAGUA has suffered and will continue to

18     suffer pain and suffering, and extreme and sever mental anguish and emotional distress.

19     PANIAGUA is thereby entitled to general, special, and compensatory damages in amounts to be

20     proven at trial.

21           38.     As a direct and proximate result of WELLS FARGO's negligent, willful,

22     knowing, and/or intentional actions against her, PANIAGUA has suffered and will continue to

23     suffer a loss of earnings including commissions, and other employment benefits and job

24     opportunities. PANIAGUA is thereby entitled to general, special, and compensatory damages in

25     amounts to be proven at trial.

26

39.     PANIAGUA is informed and believes and based thereon alleges that the outrageous conduct of WELLS FARGO described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, PANIAGUA is entitled to punitive or exemplary damages from WELLS FARGO in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

**(RETALIATION – PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)**

40.     PANIAGUA hereby refers to and incorporates paragraphs 1 through 39, inclusive, of this Complaint by reference, as though fully set forth herein.

41.     PANIAGUA is informed and believes that WELLS FARGO retaliated against her for reporting her severe work-related stress, complaining about work conditions, complaining about the work environment created by her supervisors, and asking for medical leave to treat the sever stress caused by her employment.

42.     PANIAGUA suffered severe work-related stress while working for WELLS FARGO. As a result she complained continuously about her work conditions. She also sought medical care. Eventually because nothing was being done by WELLS FARGO she had a mental breakdown. She immediately apologized and reported her mental disability to her supervisors in order to seek leave or medical attention.

43.     WELLS FARGO terminated PANIAGUA.

44.     PANIAGUA actions related to her severe work-related stress including her complaints, and request for accommodation, while working for WELLS FARGO as described herein were motivating factors for PANIAGUA's termination.

45.     As a direct and proximate result of WELLS FARGO's negligent, willful, knowing, and/or intentional actions against her, PANIAGUA has suffered and will continue to suffer pain and suffering, and extreme and sever mental anguish and emotional distress.

1 | PANIAGUA is thereby entitled to general, special, and compensatory damages in amounts to be
2 | proven at trial.

3 |     46.    As a direct and proximate result of WELLS FARGO's negligent, willful,
4 | knowing, and/or intentional actions against her, PANIAGUA has suffered and will continue to
5 | suffer a loss of earnings and other employment benefits and job opportunities. PANIAGUA is
6 | thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

7 |     47.    PANIAGUA is informed and believes and based thereon alleges that the
8 | outrageous conduct of WELLS FARGO described above was done with malice, fraud and
9 | oppression and with conscious disregard for her rights and with the intent, design and purpose of
10 | injuring her. By reason thereof, PANIAGUA is entitled to punitive or exemplary damages from
11 | WELLS FARGO in a sum according to proof at trial.

12 | ## FIFTH CAUSE OF ACTION

13 | **(NEGLIGENCE – PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)**

14 |     48.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 47, inclusive,
15 | of this Complaint by reference, as though fully set forth herein.

16 |     49.    WELLS FARGO owes a duty to its employees to, among other things, provide
17 | them with a safe working environment, an environment where the employee may alert
18 | management to issues such as poor work conditions, the need for an accommodation, issues of
19 | disabilities, work related or otherwise, to provide them with treatment if harmed on the job, and
20 | not to retaliate against them if they seek an accommodation or medical assistance. WELLS
21 | FARGO also owes an additional duty to its employees to provide them with a non-discriminating
22 | work environment, to not retaliate against employees who refuse to go along with inappropriate
23 | working conditions, to pay employees proper wages when due, to provide them with proper meal
24 | and rest breaks, to reimburse them for business-related expenses incurred, to properly classify
25 | their employment, and to provide them with proper wage statements.

26 |

50.    WELLS FARGO thus owed a duty to PANIAGUA.

51.    WELLS FARGO breached these duties, among others, owed to PANIAGUA and ultimately terminated her.

52.    As a direct and proximate result of WELLS FARGO's negligence, PANIAGUA suffered and continues to suffer actual damages including mental distress in the form of insomnia, headaches, severe anxiety, and depression, and lost earnings. PANIAGUA is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

### SIXTH CAUSE OF ACTION

### (NEGLIGENT SUPERVISION – PANIAGUA against

### WELLS FARGO and ALL DOE DEFENDANTS)

53.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 52, inclusive, of this Complaint by reference, as though fully set forth herein.

54.    PANIAGUA's direct manager, Vicki Zenker ("Zenker"), was unfit and/or incompetent to perform the role of a branch manager.

55.    WELLS FARGO knew due to PANIAGUA's constant complaint or should have known that Zenker was unfit and incompetent to perform her job, and that this created a risk to other employees, including PANIAGUA due to the harmful environment.

56.    As a result of Zenker's unfitness/incompetence, at least in part, PANIAGUA was harmed.

57.    WELLS FARGO's negligence in supervising and training Zenker was a substantial factor in causing PANIAGUA's harm.

58.    As a direct and proximate result of WELLS FARGO's negligent supervision, PANIAGUA suffered and continues to suffer actual damages including mental distress in the form of insomnia, headaches, severe anxiety, and depression, and lost earnings. PANIAGUA is thereby entitled to general, special, and compensatory damages in amounts to be

1  proven at trial.

2  **SEVENTH CAUSE OF ACTION**

3  (**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – PANIAGUA against**

4  **WELLS FARGO and ALL DOE DEFENDANTS**)

5      59.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 58, inclusive,

6  of this Complaint by reference, as though fully set forth herein.

7      60.    WELLS FARGO owes a duty to its employees to, among other things, provide

8  them with a safe working environment, an environment where the employee may alert

9  management to issues such as poor work conditions, the need for an accommodation, issues of

10  disabilities, work related or otherwise, to provide them with treatment if harmed on the job, and

11  not to retaliate against them if they seek an accommodation or medical assistance. WELLS

12  FARGO also owes an additional duty to its employees to provide them with a non-discriminating

13  work environment, to not retaliate against employees who refuse to go along with inappropriate

14  working conditions, to pay employees proper wages when due, to provide them with proper meal

15  and rest breaks, to reimburse them for business-related expenses incurred, to properly classify

16  their employment, and to provide them with proper wage statements.

17      61.    WELLS FARGO thus owed a duty to PANIAGUA.

18      62.    WELLS FARGO breached these duties, among others, owed to PANIAGUA and

19  ultimately terminated her.

20      63.    WELLS FARGO was Negligent.

21      64.    As a direct and proximate result of WELLS FARGO's negligence, PANIAGUA

22  suffered and continues to suffer serious emotional distress in the form of insomnia, headaches,

23  severe anxiety, and depression. WELLS FARGO's Negligence was a substantial factor in

24  causing this harm. PANIAGUA is thereby entitled to general, special, and compensatory

25  damages in amounts to be proven at trial.

26

### EIGHT CAUSE OF ACTION

### (FAILURE TO PAY COMMISSIONS - PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)

65.   PANIAGUA hereby refers to and incorporates paragraphs 1 through 64, inclusive, of this Complaint by reference, as though fully set forth herein.

66.   At all relevant times, PANIAGUA was employed by WELLS FARGO.

67.   As part of her employment PANIAGUA earned commissions for originating loans.

68.   PANIAGUA earned commissions around the time of her termination and thereafter for which WELLS FARGO did not pay PANIAGUA.

69.   PANIAGUA is, therefore, owed the commissions earned which WELLS FARGO unlawfully withheld, plus any applicable penalties and interest in the amount to be proven at trial. Further, PANIAGUA hereby seeks an accounting of all commissions she has earned.

### NINTH CAUSE OF ACTION

### (WAGE AND HOUR – FAILURE TO PAY OVERTIME – PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)

70.   PANIAGUA hereby refers to and incorporates paragraphs 1 through 69, inclusive, of this Complaint by reference, as though fully set forth herein.

71.   At all times relevant herein, PANIAGUA was employed by WELLS FARGO.

72.   Under *Labor Code* § 510, an employee must be paid overtime after working eight (8) hours in a day and forty (40) hours in a week. Overtime must be paid at one-and-a-half times the regular rate of pay after eight hours in a day and forty hours in a week. The overtime rate becomes two times the regular rate of pay for hours over twelve in a day, or over eight hours on the seventh consecutive day worked.

73.   PANIAGUA worked 60-80 hours a week during the entire time of her

1  employment with WELLS FARGO. Further, PANIAGUA also worked on Saturdays and

2  Sundays.

3       74.    PANIAGUA was not paid by WELLS FARGO for all her overtime hours worked.

4  This was partly due to the fact that WELLS FARGO misclassified PANIAGUA as an exempt

5  employee.

6       75.    PANIAGUA is therefore entitled to recover her unpaid overtime compensations,

7  as well as interest, penalties, costs, and attorney's fees.

8       76.    The exact amount of overtime wages owed to PANIAGUA shall be proved at

9  trial. PANIAGUA is entitled to her overtime wages, plus penalties and interest, among other

10  damages.

11  **TENTH CAUSE OF ACTION**

12  **(WAGE AND HOUR – FAILURE TO PROVIDE MEAL BREAKS – PANIAGUA against**

13  **WELLS FARGO and ALL DOE DEFENDANTS)**

14       77.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 76, inclusive,

15  of this Complaint by reference, as though fully set forth herein.

16       78.    At all times relevant herein PANIAGUA was employed by WELLS FARGO.

17       79.    From the beginning of her employment at WELLS FARGO until her termination,

18  PANIAGUA was not provided with proper uninterrupted meal breaks. In fact she was never

19  advised that she was entitled to breaks. This was partly due to the fact that WELLS FARGO

20  misclassified PANIAGUA as an exempt employee.

21       80.    On numerous occasions PANIAGUA was required and/or forced to forego lunch

22  completely when there was too much work at hand. Each missed meal period is to be

23  compensated as one hour of work time.

24       81.    On other occasions PANIAGUA's meals were interrupted when a task came up

25  that WELLS FARGO wanted her to attend to. Each interrupted meal period is to be treated like a

26

1     missed meal period and thus must be compensated as one hour of work time.

2          82.     The exact amount of missed meal break wages owed to PANIAGUA shall be

3     proved at trial. PANIAGUA is entitled to her missed meal wages, plus penalties and interest,

4     among other damages.

5     **ELEVENTH CAUSE OF ACTION**

6     **(WAGE AND HOUR – MISSED REST BREAKS,**

7     **PANIAGUA against WELLS FARGO and ALL DOE DEFENDANTS)**

8          83.     PANIAGUA hereby refers to and incorporates paragraphs 1 through 82, inclusive,

9     of this Complaint by reference, as though fully set forth herein.

10          84.     At all times relevant herein PANIAGUA was employed by WELLS FARGO.

11          85.     From the beginning of her employment at WELLS FARGO until her termination,

12     PANIAGUA was not provided with proper rest breaks. In fact she was never advised that she

13     was entitled to rest breaks. This was partly due to the fact that WELLS FARGO misclassified

14     PANIAGUA as an exempt employee.

15          86.     An employee working full time 8 hour shifts is entitled to two ten minute breaks,

16     one sometime during the first four hours, and the other during the second four hours.

17          87.     While an employee may choose to forego his rest break, the employer must at

18     least provide her with an opportunity to take one. WELLS FARGO did not provide PANIAGUA

19     with an opportunity to take a rest break.

20          88.     For each day where PANIAGUA missed a rest break, she is to be compensated

21     one hour of work time.

22          89.     The exact amount of missed rest break wages owed to PANIAGUA shall be

23     proved at trial. PANIAGUA is entitled to her missed rest break wages, plus penalties and

24     interest.

25     ///

26

**TWELFTH CAUSE OF ACTION**

**(WAGE AND HOUR – UNPAID BUSINESS EXPENSES – PANIAGUA against WELLS**

**FARGO and DOES 1-100)**

90.     PANIAGUA hereby refers to and incorporates paragraphs 1 through 89, inclusive, of this Complaint by reference, as though fully set forth herein.

91.     At all times relevant herein, PANIAGUA was employed by WELLS FARGO.

92.     *California Labor Code* §§ 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

93.     PANIAGUA incurred necessary business-related expenses and costs that were not fully reimbursed by WELLS FARGO, including, but not limited to, fees for processing credit reports and maintaining a website with the WELLS FARGO web site. PANIAGUA was also not reimbursed or paid for attending meetings, seminars and online classes.

94.     WELLS FARGO has negligently, intentionally and/or willfully failed to fully reimburse PANIAGUA for necessary business-related expenses and costs.

95.     PANIAGUA is entitled to recover from WELLS FARGO her business-related expenses incurred during her employment, plus penalties and interest.

**THIRTEENTH CAUSE OF ACTION**

**(WAGE AND HOUR - FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE**

**STATEMENTS – PANIAGUA against WELLS FARGO and DOES 1-100)**

96.     PANIAGUA hereby refers to and incorporates paragraphs 1 through 95, inclusive, of this Complaint by reference, as though fully set forth herein.

97.     At all times relevant herein, PANIAGUA was employed by WELLS FARGO.

98.     *Labor Code* §226(a) requires employers to provide accurate itemized wage statements for each wage payment. *Labor Code* §226 (e) provides for a recovery of the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) ( per employee). Labor Code Section 226.3 provides for additional penalties upon employers who violate Labor Code Section 226.

99.    WELLS FARGO has negligently, intentionally and/or willfully failed to provide PANIAGUA with complete and accurate wage statements and instead paid her by commissions and has not accounted for all her hours, overtime, and missed lunches and breaks. WELLS FARGO failed to include the total number of hours worked by PANIAGUA as well as failed to list the appropriate hourly rates PANIAGUA was legally entitled to.

100.    As a result of WELLS FARGO's abovementioned unlawful act, PANIAGUA suffered injury and damage.

101.    PANIAGUA is therefore entitled to recover from WELLS FARGO damages and penalties promulgated under Labor Code 226(a) and 226.3, among others.

102.    PANIAGUA is also entitled to injunctive relief to ensure compliance with the abovementioned *Labor Code* provision.

## FOURTEENTH CAUSE OF ACTION

## (UNFAIR COMPETITION – PANIAGUA against WELLS FARGO and DOES 1-100)

103.    PANIAGUA hereby refers to and incorporates paragraphs 1 through 102, inclusive, of this Complaint by reference, as though fully set forth herein.

104.    Commencing in or around PANIAGUA's termination, and continuing until the present time, WELLS FARGO, through its supervisors, in an effort to exploit, harass, and discriminate against its workers for profit or otherwise, has engaged in the following unlawful, unfair, deceptive, and misleading business practices:

a.    Failing to properly supervise its employees;

b.    Failing to provide its employee(s) with safe working conditions;

c.    Discriminating against employee(s) with disability;

d.  Wrongfully discharging worker(s) following an injury/disability;

e.  Failing to properly investigate and enter into the interactive process with employees seeking an accommodation; and

f.  Not properly paying its employees.

105.  The foregoing wrongful activities have caused harm, fear, pressure, and humiliation to the employee(s) at WELLS FARGO.

106.  Pursuant to the provisions of Section 17203 of the California *Business and Professions Code*, this Court should issue an injunction prohibiting WELLS FARGO from engaging in the foregoing unfair, deceptive, and misleading business practices.

107.  Pursuant to the provisions of Section 17203 of the California *Business and Professions Code*, PANIAGUA is entitled to restoration of lost wages, commissions, medical expenses, and profits, WELLS FARGO has collected by the use of the unfair, deceptive, and misleading business practices described in this Complaint.

## PRAYER

WHEREFORE, PANIAGUA prays for judgment against each WELLS FARGO and Does 1 through 100, inclusive, as follows:

1.  An award of general and compensatory damages in an amount to be determined at trial;

2.  Lost wages and commissions;

3.  Wages constituting unpaid overtime, missed meal breaks and rest breaks, unpaid business expenses, including interest and penalties, to the extent provided by law;

4.  Penalties and other damages for improper wage statement pursuant to Labor Code sections 226 and 226.3;

5.  Injunctive relief prohibiting WELLS FARGO from engaging in the unfair, deceptive, and misleading business practices described herein (Unfair

Competition);

6.   Restoration of all money gained by WELLS FARGO and all money lost by

PANIAGUA by WELLS FARGO wrongly using the unfair, deceptive, and

misleading business practices described in this Complaint (Unfair Competition);

7.   An award of punitive damages;

8.   Reasonable attorneys' fees;

9.   Prejudgment interest;

10.   All costs of suit herein incurred; and

11.   Such other and further relief as the court may deem proper.

Dated this 30th day of December, 2010                     BITTON & ASSOCIATES

OPHIR J. BITTON,
Attorneys for Plaintiff
Maggie Paniagua, an individual

**EXHIBIT 1**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

December 07, 2010

RE:  E201011R5957-00
     PANIAGUA/WELLS FARGO

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

December 07, 2010

PANIAGUA, MAGGIE
3148 EAST AVENUE H
LANCASTER, CA 93535

RE:  E201011R5957-00
     PANIAGUA/WELLS FARGO

Dear PANIAGUA, MAGGIE:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective December 07, 2010
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

OPHIR BITTON
ATTORNEY
BITTON & ASSOCIATES
12080 VENTURA PLACE, SUITE D
STUDIO CITY, CA 91604

DFEH-200-43 (06/06)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Ophir J. Bitton   SBN: 204310<br>BITTON & ASSOCIATES<br>12080 Ventura Place, Suite D<br>Studio City, CA 91604<br>  TELEPHONE NO.: 818-524-1223   FAX NO.: 818-524-1224<br>ATTORNEY FOR *(Name)*: Plaintiff, MAGGIE PANIAGUA | **CONFORMED COPY**<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 0 4 2011<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By _____ , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles - North District
STREET ADDRESS: 42011 4th St. West
MAILING ADDRESS: 42011 4th St. West
CITY AND ZIP CODE: Lancaster, CA 93534
BRANCH NAME: Michael D. Antonovich Antelope Valley Courthouse

CASE NAME:
MAGGIE PANIAGUA v. WELLS FARGO BANK, N.A

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | MC022219<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:   14 - Disability Discrimination - Failure to Accommodate; Disability ...
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 30, 2010
Ophir J. Bitton
_____
(TYPE OR PRINT NAME)        ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MAGGIE PANIAGUA v. WELLS FARGO BANK, N.A | MC022219 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: MAGGIE PANIAGUA v. WELLS FARGO BANK, N.A | | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MAGGIE PANIAGUA v. WELLS FARGO BANK, N.A | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: MAGGIE PANIAGUA v. WELLS FARGO BANK, N.A | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>□1. □2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS. 1212 West Ave. J, Suite 200 |
|---|---|
| CITY: Lancaster | STATE: CA | ZIP CODE: 93534 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Antelope Valley___ courthouse in the ___North___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___December 30, 2010___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____ MC022213 _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| BRIAN C. YEP | A10 | | | | |
| | | | | | |
| RANDOLPH A. ROGERS | A11 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JAN 0 4 2011 _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____ A. GALAPON _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served and proof of service shall be filed within 60 days after the filing of the complaint.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS: 42011 4TH ST W, LANCASTER, CA 93534

PLAINTIFF:

DEFENDANT:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 04 2011

John A. Clarke, Executive Officer/Clerk

By _____ Deputy

CASE NUMBER:
**MC022219**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 7/18/11 | Time: 8:30 A.M. | Dept.: A11 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: **JAN 04 2011**

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in LANCASTER , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

Dated: **JAN 04 2011**

JOHN A. CLARKE, Executive/Officer Clerk

By A. GALAPON
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

2e011146454c4965

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a Delaware corporation, and DOES 1
THROUGH 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAGGIE PANIAGUA, an individual,

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 04 2011

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Los Angeles Superior Court | *(Número del Caso)*: MC022219 |

Michael D. Antovich Antelope Valley Courthouse - North District
42011 4th St. West, Lancaster, CA 93534

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ophir J. Bitton; Bitton & Associates; 12080 Ventura Place, Suite D, Studio City, CA 91604; 818-524-1223

| DATE: JAN 04 2011 | JOHN A. CLARKE | Clerk, by | A. GALAPON | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Wells Fargo Bank, N.A., A Delaware Corporation

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

# Exhibit C



*Deliver to Tom*

**CORPORATION SERVICE COMPANY·**

# Notice of Service of Process

**DDZ / ALL**
**Transmittal Number: 8376015**
**Date Processed: 01/18/2011**

Primary Contact:    Wells Processing West
Corporation Service Company- Wilmington, DELAWARE
2711 Centerville Road
Suite 400
Wilmington, DE 19808

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association |
| | Entity ID Number  2013649 |
| Entity Served: | Wells Fargo Bank, N.A. |
| Title of Action: | Maggie Paniagua vs. Wells Fargo Bank, N.A. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | MC022219 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 01/18/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ophir J. Bitton |
| | 818-524-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# Exhibit D

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   THOMAS R. KAUFMAN, Cal. Bar No. 177936
2  tkaufman@sheppardmullin.com
   JENNIFER S. ABRAMOWITZ, Cal. Bar No. 237233
3  jabramowitz@sheppardmullin.com
   PAUL BERKOWITZ, Cal. Bar No. 251077
4  pberkowitz@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6017
   Telephone:    310-228-3700
6  Facsimile:    310-228-3701

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 6 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF LOS ANGELES – NORTH DISTRICT

11  MAGGIE PANIAGUA, an individual,        Case No. MC022219

12                Plaintiff,

13       v.                                **DEFENDANT WELLS FARGO BANK,
                                           N.A.'S ANSWER TO PLAINTIFF'S
                                           UNVERIFIED COMPLAINT**
14  WELLS FARGO BANK, N.A., a Delaware
    corporation, and DOES 1 THROUGH 100,   Complaint Filed: January 4, 2011
15  inclusive,

16                Defendants.

17

18       Defendant Wells Fargo Bank, N.A. ("Defendant") hereby answers the unverified

19  Complaint ("Complaint") of Plaintiff Maggie Paniagua ("Plaintiff"), as follows:

20                           **GENERAL DENIAL**

21       Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant

22  denies, generally and specifically, each and every allegation, statement, and matter, and each

23  purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality

24  of the foregoing, denies generally and specifically that Plaintiff has been damaged in any way at

    all by reason of any acts or omissions of Defendant.
25

26

27

28

-1-

W02-WEST:2PXB1\403297446.1                              ANSWER TO PLAINTIFF'S
                                                       UNVERIFIED COMPLAINT

1                              **ADDITIONAL DEFENSES**

2          In further answer to Plaintiff's Complaint, Defendant alleges the following additional

3 defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters

4 that, pursuant to law, are Plaintiff's burden to prove.

5                                  **FIRST DEFENSE**

6                       **(Failure To State a Cause of Action)**

7          1.        As to Plaintiff's Complaint, or any purported cause of action therein alleged,

8 Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted against

9 Defendant.

10                               **SECOND DEFENSE**

11                          **(Statute of Limitations)**

12          2.        Plaintiff's purported causes of action are barred, in whole or in part, to the extent

13 Plaintiff seeks relief for any purported claims that were not brought before the expiration of the

14 applicable statute of limitations, including but not limited to, Code of Civil Procedure sections

15 335.1, 337, 338, 339 and 340, California Government Code sections 12960 and 12965, California

16 Business and Professions Code § 17208, and any limitations period to which Plaintiff is

17 contractually bound.

18                                **THIRD DEFENSE**

19                              **(Estoppel)**

20          3.        Plaintiff, by her conduct, is estopped to assert any cause of action against

21 Defendant.

22                               **FOURTH DEFENSE**

23                              **(Waiver)**

24          4.        Plaintiff's Complaint, and each and every cause of action alleged therein, is barred

25 by the doctrine of waiver.

26

27

28

**FIFTH DEFENSE**

**(Unclean Hands)**

5.      Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

**(Laches)**

6.      Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**SEVENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

7.      To the extent Plaintiff has failed to meet the prerequisites to bringing suit under the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.*, her claims are barred.

**EIGHTH DEFENSE**

**(Beyond the Scope of the Administrative Charge)**

8.      To the extent that Plaintiff asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code section 12965, the Court lacks jurisdiction with respect to these claims, and they must therefore be dismissed

**NINTH DEFENSE**

**(After-Acquired Evidence)**

9.      Plaintiff's claims are barred to the extent Defendant learns, through after-acquired evidence, of additional facts that, if known, would have caused Plaintiff to be terminated.

**TENTH DEFENSE**

**(Failure to Mitigate Damages)**

10.      Defendant is informed and believes and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly suffered,

1   but Plaintiff failed and/or refused and continues to fail and/or to refuse, to exercise reasonable

2   efforts to mitigate her damages.

### ELEVENTH DEFENSE

#### (Workers' Compensation Preemption)

5   11.   Insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury

6   based on conduct by Defendant that neither contravenes fundamental California public policy nor

7   exceeds the risks inherent in the employment relationship, such recovery is barred by California

8   Labor Code sections 3601 and 3602, which provide that the exclusive remedy for these alleged

9   injuries is an action or a claim under the Workers' Compensation Act.

### TWELFTH DEFENSE

#### (Failure to Take Advantage of Preventive/Corrective Opportunities)

12   12.   Defendant exercised reasonable care to prevent and to correct any unlawfully

13   harassing, discriminatory, and/or retaliatory workplace conduct allegedly experienced by Plaintiff;

14   Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities

15   provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred.

### THIRTEENTH DEFENSE

#### (Decisions Contrary to Organizational Policies)

18   13.   Plaintiff may not recover punitive damages for alleged retaliatory decisions, if any,

19   to the extent that those decisions are contrary to the written policies that Defendant instituted

20   against wrongful conduct.

### FOURTEENTH DEFENSE

#### (Scope of Employment Authority)

23   14.   The alleged statements and conduct by any purported agent, employee or

24   representative of Defendant upon which Plaintiff bases her claims were made outside the course

25   and scope of such agent's, employees' or representative's employment.  Accordingly, Plaintiff is

26   barred from asserting any purported cause of action against Defendant based on the alleged

27   statements or conduct of said purported agent, employee, or representative.

28

ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

**FIFTEENTH DEFENSE**

**(No Punitive Damages)**

15.     Without admitting any wrongful conduct by Defendant, Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression or fraud and therefore Plaintiff is barred from recovering punitive damages.

**SIXTEENTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional)**

16.     To the extent that Plaintiff seeks punitive or exemplary damages in the Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

**SEVENTEENTH DEFENSE**

**(Exempt from Overtime Wages)**

17.     At all times relevant and material here, Plaintiff was exempt from the overtime compensation requirements of the California Labor Code and the Industrial Welfare Commission as she was employed in an administrative, executive, professional, and/or relevant sales capacity within the meaning of the applicable wage order(s).

**EIGHTEENTH DEFENSE**

**(No Recovery Under UCL)**

18.     Plaintiff improperly seeks through her cause of action under Business & Professions Code section 17200 (the "UCL") to recover monies that are not recoverable under the UCL.

**NINETEENTH DEFENSE**

**(No Section 17200 Standing)**

19.     Plaintiff's claim under the UCL is barred to the extent that Plaintiff lacks standing to sue pursuant to Business & Professions Code sections 12703 and 12704.

-5-

1

## TWENTIETH DEFENSE

2

### (Setoff)

3      20.    To the extent that Plaintiff is entitled to damages or penalties, Defendant is entitled

4 to an offset for any overpayments of wages or other consideration previously provided to Plaintiff.

5

## TWENTY-FIRST DEFENSE

6

### (Reasonable Accommodation)

7      21.    Plaintiff's claims are barred because Defendant was not legally required to provide

8 reasonable accommodation to Plaintiff or, to the extent that it was so legally required, Defendant

9 fulfilled its obligations.

10

## PRAYER

11     WHEREFORE, Defendant prays for judgment as follows:

12     1.    That Plaintiff take nothing by her unverified Complaint;

13     2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes

14 of action;

15     3.    That Defendant be awarded reasonable attorneys' fees according to proof;

16     4.    That Defendant be awarded the costs of suit incurred herein; and

17     5.    That Defendant be awarded such other and further relief as the Court may deem

18 appropriate and proper.

19

20 Dated: February 15, 2011

21                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23             By      _____

24                    JENNIFER S. ABRAMOWITZ
                        Attorneys for Defendant

25                    WELLS FARGO BANK, N.A.

26

27

28

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1901 Avenue of the
4    Stars, Suite 1600, Los Angeles, California 90067-6017.

5    On **February 16, 2011**, I served the following document(s) described as  on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
6    envelopes and/or packages addressed as follows:

7    Ophir J. Bitton
     Cesar G. Lachica, Jr.
8    Bitton & Associates
     12080 Ventura Place, Suite D
9    Studio City, CA 91604

10   **x    BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the
11   U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party
12   served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14   **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending
15   facsimile machine was 310-228-3701. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile
16   machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. A copy of that report is
     attached to this declaration.

17

18   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

19   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20   Executed on February 16, 2011, at Los Angeles, California.

21

22

23

24

25

26

27

28

W02-WEST:2TRK1\403305400.1                          -1-

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the County of Los Angeles; I am over the age of eighteen years
and not a party to the within entitled action; my business address is 1901 Avenue of the
4   Stars, Suite 1600, Los Angeles, California 90067-6017.

5       On **February 17, 2011**, I served the following document(s) described as
**DEFENDANT WELLS FARGO BANK'S NOTICE OF REMOVAL OF ACTION**
6   **PURSUANT TO 28 U.S.C. ¶¶ 1331-1332,1441, and 1446** on the interested party(ies) in
this action by placing true copies thereof enclosed in sealed envelopes and/or packages
7   addressed as follows:

8       Ophir J. Bitton
Cesar G. Lachica, Jr.
9       Bitton & Associates
12080 Ventura Place, Suite D
10      Studio City, CA 91604

11      **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with the
12  U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,
California in the ordinary course of business. I am aware that on motion of the party
13  served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

14

**x       BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the
15  office of the addressee(s).

16      I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made. I declare under penalty of perjury under the laws of
17  the United States of America that the foregoing is true and correct.

18

19      Executed on February 17, 2011, at Los Angeles, California.

20

21                                                  _____
Gina E. Schemerhorn
22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

MAGGIE PANIAGUA

**DEFENDANTS**

WELLS FARGO BANK, N.A.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

David Tang, Cal. Bar No. 182357
Law Offices of David Tang
8311 Westminster Boulevard, Suite 330
Westminster, California 92683
714-893-6698

Attorneys (If Known)

Thomas R. Kaufman, Cal. Bar No. 177936
Jennifer S. Abramowitz, Cal Bar No. 237233
Sheppard, Mullin, Richter & Hampton, LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
310-228-3700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ No amount specified.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1331, 1332, 1441 and 1446; disability discrimination, wage and hours claims, and related employment law causes of action.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:

CV11 01471

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 17, 2011
Jennifer S. Abramowitz, attorney for Defendant

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
JENNIFER S. ABRAMOWITZ, Cal. Bar No. 237233
jabramowitz@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  310-228-3700
Facsimile:  310-228-3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGGIE PANIAGUA, an individual, | Case No.  11 CV 1471 GW (SSx) |
| Plaintiff, | |
| v. | **NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY; NOTICE TO PARTIES OF ADR PROGRAM** |
| WELLS FARGO BANK, N.A., a Delaware corporation, and DOES 1 THROUGH 100, inclusive, | Complaint Filed:  January 4, 2011 |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 1471 GW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, California 90067-6017.

On **February 18, 2011**, I served the following document(s) described as **NOTICE OF ASSIGNMENT OF MAGISTRATE JUDGE** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Ophir J. Bitton
Cesar G. Lachica, Jr.
Bitton & Associates
12080 Ventura Place, Suite D
Studio City, CA 91604

X     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2011, at Los Angeles, California.

_____
Gina E. Schemerhorn

W02-WEST:2TRK1\403305400.1                    -1-